**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tashivea Renee Kirkendoll, | No. CV-16-04461-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pursuant to 42 U.S.C § 405(g), Plaintiff Tashivea Kirkendoll appeals the final decision of Defendant the Commissioner of the Social Security Administration ("Commissioner"). The Court affirms.

**I. Background**

Kirkendoll applied for disability insurance benefits in September 2012, alleging disability beginning December 10, 2011. (A.R. 28.) After state agency denials, Kirkendoll appeared for a hearing and testified before an Administrative Law Judge ("ALJ"). (*Id.* at 53.) Following the hearing, the ALJ issued a decision finding that Kirkendoll was disabled for a two-year period from May 3, 2012 through April 3, 2014, but that Kirkendoll experienced sufficient improvement after April 3, 2014 to return to work. (*Id.* at 28-44.) In doing so, the ALJ found that Kirkendoll has a number of severe impairments, only one of which is at issue in this appeal: Kirkendoll's Chiari I malformation, which is a defect in the cerebellum—the part of the brain that controls

balance—that can cause headaches. (*Id.* at 32; Doc. 17 at 3-5.) The ALJ's decision became the Commissioner's final decision when the Social Security Administration Appeals Council denied Kirkendoll's request for review, and this appeal followed. (A.R. 1-6.)

**II. Standard of Review**

On appeal, the district court does not review the ALJ's decision de novo or determine whether the claimant is disabled. Instead, the court reviews only those issues raised by the party challenging the ALJ's decision and reverses only if the decision is not supported by substantial evidence or is based on harmful legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Orn*, 495 F.3d at 630.

**III. Discussion**

Kirkendoll raises two issues on appeal: did the ALJ err in finding that Kirkendoll (1) became disabled on May 3, 2012 instead of December 10, 2011, and (2) improved sufficiently after April 3, 2014 that she could again engage in substantial gainful activity? (Doc. 17 at 1; Doc. 19 at 1.) As previously noted, this appeal focuses on the limiting effects of Kirkendoll's Chiari I malformation. Therefore, the Court considers whether substantial evidence supports the ALJ's conclusion that the effects of Kirkendoll's Chiari I malformation were not disabling before May 3, 2012 or after April 3, 2014.

**A. Disability Onset Date**

The ALJ did not err in finding that Kirkendoll became disabled on May 3, 2012 rather than December 10, 2011. Kirkendoll submitted relatively few treatment records prior to May 2012 and, although records before that date note the existence of neuropathy and lower back pain, the record lacks evidence of regular treatment for these conditions during that time. (A.R. 34, 327-29.) In February 2012, Kirkendoll complained to Dr. George Wang of numbness and tingling bilaterally in her lower extremities and her

neurological exam showed signs of peripheral neuropathy, but her gait and station remained normal. (*Id.* at 34, 287-88.) Further, Kirkendoll did not have her initial consultation with Dr. Vikram Kumar, her neurosurgeon, until August 2012, and even then she reported that her legs had been shaky for only a couple months. (*Id.* at 34, 306.) Based on this evidence, it was reasonable for the ALJ to conclude that Kirkendoll would have been seeking and receiving regular medical treatment for her Chiari I malformation if its effects were disabling as early as December 2011.

Moreover, although Kirkendoll testified that she stopped working in December 2011 because she could no longer stand long enough to perform her job, the ALJ noted that earnings records indicated Kirkendoll did not earn any noteworthy income since 2009. (*Id.* at 35, 171.) It therefore was reasonable for the ALJ to infer that, at least prior to May 2012, something other than the effects of Kirkendoll's Chari I malformation kept her from working.

Kirkendoll points to records that she experienced headaches prior to May 2012 as evidence that her disability began in December 2011. (Doc. 19 at 2.) But simply because there is some evidence contradicting the ALJ's conclusion does not mean that there is not also substantial evidence supporting it. Nor does the mere existence of symptoms automatically mean that they are disabling. Kirkendoll essentially asks the Court to reweigh the evidence, which is not within the Court's purview. The Court finds no error.

### B. Sufficient Medical Improvement

Next, the Court considers whether substantial evidence supports the ALJ's conclusion that Kirkendoll's impairments improved sufficiently after April 3, 2014 to allow her to return to work. A claimant is no longer entitled to disability insurance benefits when (1) "there has been any medical improvement in the [claimant's] impairment" and (2) the claimant "is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1). When assessing whether a claimant has experienced medical improvement, the ALJ must "compare the current medical severity" of the claimant's impairment to its severity "at the time of the most recent favorable medical decision that

[the claimant] w[as] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(7). This matter is a so-called "closed period" case, meaning the ALJ found in a single decision that Kirkendoll was disabled for a period of time but has since improved. Nonetheless, the Ninth Circuit has held that the same standards apply. *Attmore v. Colvin*, 827 F.3d 872, 876-77 (9th Cir. 2016).

At the outset, the ALJ made the appropriate comparison for a closed period disability case. The ALJ thoroughly discussed the limiting effects of Kirkendoll's impairments during the closed period and assessed a residential functional capacity ("RFC") that precluded sustained work. (A.R. 35-41.) Kirkendoll does not quarrel with this part of the ALJ's decision. The ALJ then discussed the medical evidence after April 3, 2014 and assessed an RFC that mirrored the RFC for the closed period in all but one respect: the ALJ found that from May 3, 2012 through April 3, 2014 Kirkendoll likely would miss two days of work per month due to her impairments, but that after April 3, 2014 she would not miss work this frequently. (*Id.* at 35, 41-42.) Based on vocational expert testimony, the ALJ concluded that Kirkendoll would be able to sustain work without this attendance limitation. Thus, the sole issue on appeal is whether substantial evidence supports the ALJ's conclusion that, after April 3, 2014, Kirkendoll's Chiari I malformation improved enough that she no longer would be likely to miss two days of work per month.

Substantial evidence supports the ALJ's decision. First, Kirkendoll lost a significant amount of weight following weight loss surgery and, as a result, experienced improvement in the severity and frequency of her headaches. (*Id.* at 42, 477-83.) Medical records from 2014 indicate that Kirkendoll still experienced low level headaches, "but nothing very bothersome." (*Id.* at 479.) Moreover, Dr. Kumar noted that surgery might still be required in the future, but he was skeptical that a Chiari compression surgery would be helpful. (*Id.* at 480.) Instead, he believed Kirkendoll's headaches were more likely migraines than the tussive headaches typically associated with Chiari malformations, and elected to continue with medical management of her

- 4 -

headaches (such as physical therapy) rather than surgical intervention. (*Id.* at 477-79.) Although Kirkendoll limits her appeal to her Chiari I malformation, the Court notes that the ALJ also detailed improvement in Kirkendoll's other conditions following her weight loss. (*Id.* at 42.)

Once again, Kirkendoll points to the continued existence of headaches after April 3, 2014 as evidence that she remained disabled. In so doing, Kirkendoll again asks the Court to reweigh the evidence rather than assess whether substantial evidence supports the conclusion that the ALJ reached. Where, as here, "the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court finds no error.

**IV. Conclusion**

The ALJ's decision is free of harmful legal error and supported by substantial evidence. Therefore,

**IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**. The Clerk of the Court shall terminate this case.

Dated this 27th day of March, 2018.

Douglas L. Rayes
United States District Judge